617 S.E.2d 122

**In the Matter of Jerry M. SCREEN, Respondent.**

No. 26018.

Supreme Court of South Carolina.

Submitted June 7, 2005.

Decided July 25, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for Office of Disciplinary Counsel.

I.S. Leevy Johnson, of Columbia, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to issuance of either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

Respondent did not timely issue a refund of attorney's fees which had been award by the Fee Disputes Board to respondent's former client.

## Matter II

Respondent's client gave him two checks drawn on the account of third parties and made payable to respondent. Respondent's client stated the funds were to cover fees owed by one of the third parties to the client. The memorandum line on one check, however, referred to a matter unrelated to the client or his business.

At the request of his client, respondent deposited the checks into his escrow account. In accordance with the client's instructions, respondent disbursed the funds to his client and his client's company.

The third parties filed a complaint with ODC. They claimed the funds were to be used for a different legal matter for which respondent was to act as their attorney. Nevertheless, the third parties had not communicated with respondent and had not obtained his agreement to represent them.

## Matter III

Respondent's client was stationed out of the country on military duty. Although he tried to contact the client, respondent admits he did not take sufficient steps to reach the client. As a result of respondent's failure to communicate with his client, the client did not attend a hearing in his divorce case. Failure to attend the hearing resulted in adverse consequences to the client. Respondent represents he refunded his fees to the client.

## Matter IV

Respondent's client's case was scheduled for trial. Respondent failed to appear for jury selection and the jury trial. Respondent had a trial in another county at the time of the jury selection, but acknowledges he should have requested a continuance. Respondent admits he failed to adequately communicate with this client.

## Matter V

This matter involves two complaints filed against respondent.[1] Respondent failed to adequately communicate with his

---

1. It is unclear whether these complaints were filed by the same client or by different clients.

client's parents about the status of her criminal case. He also failed to serve and file a notice of appeal from a client's conviction and failed to continue to represent the client until relieved by the Court. In one matter, respondent failed to respond in a timely and adequate manner to inquiries from ODC.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (lawyer shall keep client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.5(a) (lawyer's fee shall be reasonable); Rule 1.15(b) (lawyer shall promptly notify third persons of receipt of funds in which the third persons have an interest); Rule 3.4(c) (lawyer shall not disobey obligation of a tribunal); and Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct). Respondent further admits his conduct violated Rule 417(a)(4), SCACR (lawyer shall maintain records of accountings which show disbursements of funds to third persons). Respondent acknowledges his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to a lawful demand from a disciplinary authority).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

MOORE, A.C.J., WALLER, BURNETT and PLEICONES, JJ., concur. TOAL, C.J., not participating.